IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03176-M

EFRAIN HIDALGO,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )                    ORDER
                                         )
UNITED STATES OF AMERICA, and            )
THE FEDERAL BUREAU OF                    )
PRISONS,                                 )
                    Defendants.          )
                                         )

The matter now is before the court on the unopposed motion to dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE 18), filed by defendants the United States of

America and the Federal Bureau of Prisons ("BOP"). For the following reasons, the court grants

defendants' motion to dismiss.

## BACKGROUND

Efrain Hidalgo ("plaintiff"), a federal inmate, filed this action, pro se, pursuant to Bivens

v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the

Federal Torts Claim Act ("FTCA"). Plaintiff alleges claims which arose while he was incarcerated

at the Federal Correctional Institution in Butner, North Carolina. ((DE 1), p. 5). Specifically,

plaintiff asserts that, on November 22, 2024, an officer ordered him to place garbage into a trash

compactor "that was improperly placed in an unsafe manner between the dumpster and the loading

dock." (Id.) "As a result while placing his feet as close as possible to the trash

dumpster/compactor[,] his leg fell into the gap where [he] landed on [his] side breaking two ribs

and straining his same shoulder." (Id.) Plaintiff also sustained bruising down his right side. (Id.) "Plaintiff was in so much pain he had no ability to work, exercise, or engage in basic activities for daily living for 4 months." (Id.)

Plaintiff, additionally, states he "has experienced pain in his abdomen and right flank for almost 9 months." (Id. p. 6). "Plaintiff has sought treatment for his pain from BOP but local medical staff categorically refused to prescribe Plaintiff any narcotic pain medication for long-term use beginning in Dec. 2024 and continuing to the present." (Id.) "The BOP Health Services Department ("HSD") is responsible for providing medical care to several thousand inmates across 5 federal [facilities] at the Butner Federal Correctional Complex ("FCC Butner") which has been experiencing severe complications in the Administration of Medical Care to inmates with serious medical needs." (Id. pp. 6-7). Plaintiff further contends the medical staff at Butner "deliberately deny" inmates narcotic pain medications, "such as plaintiff, whose Tylenol or Ibuprofen (the only pain medications available) were totally ineffective at the task of alleviating the plaintiff's pain." (Id. p. 7). Plaintiff complained that the available pain medications were ineffective, and medical staff responded, "that BOP policy was to deny any narcotic pain medications except for grave illnesses and/or terminal illnesses." (Id.)

Plaintiff submitted an administrative tort claim on the standard form 95 ("SF 95") to the BOP seeking $50,000.00 against the United States for injury to his ribs and shoulder which he sustained while working on the "compound trash crew." ((DE 1-1), p. 7). The claim was denied. (Id. p. 10).

On November 12, 2025, the court conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and allowed plaintiff to proceed with his claims pursuant to the FTCA. The court, however, dismissed plaintiff's Bivens action. On February 24, 2026,

2

defendants filed an unopposed motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## DISCUSSION

### A.    Legal Standards

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protections as he would receive under a Rule 12(b)(6) consideration." Id. "[A]ll facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the defendant challenges the factual predicate of subject matter jurisdiction, a court "may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations" without converting the matter to summary judgment. Adams, 697 F.2d at 1219; Kerns, 585 F.3d at 192.

Defendants also move to dismiss plaintiff's action for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). A complaint must allege enough facts to state a claim for relief that is facially plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and

3

common sense, to infer more than the mere possibility of misconduct. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

**B.     Analysis**

Plaintiff's FTCA claims related to injuries he received while performing his assigned inmate job on the "trash crew" must be brought under the Inmate Accident Compensation Act ("IACA"), a federal inmate workers compensation statute. See United States v. Demko, 385 U.S. 149, 153-54 (1966) (holding IACA remedy is "exclusive" and bars claim under the FTCA); 18 U.S.C. § 4126(c)(4); 28 C.F.R. § 301.101. The IACA is the exclusive remedy for a federal prisoner who is injured on the job. 18 U.S.C. § 4126(c)(4); see 28 C.F.R. § 301.319; Demko, 385 U.S. at 152–53; Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) ("[Section 4126] is a prisoner's exclusive remedy against the United States for work[-]related injuries and bars a prisoner from suit under the Federal Tort Claims Act for work[-]related injuries."); see also, Nabawi v. Young, No. 5:19-00693, 2022 WL 4287642, at *11 (S.D.W. Va. Apr. 21, 2022), adopting R&R, 2022 WL 3569361 (Aug. 18, 2022); Hairston v. Gonzales, No. 5:07-CT-3078-D, 2008 WL 2761315, at *4 (E.D.N.C. July 11, 2008) (unpublished); Webb v. Lappin, No. 1:07cv1203 (LO/BRP), 2008 WL 4360995, at *4 (E.D. Va. Sept. 22, 2008) (unpublished).

4

The IACA's regulations define "work-related injury" as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). "[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam). "Section 4126 [also] provides the exclusive remedy where a prisoner with a pre-existing medical problem is subsequently injured in a work-related incident." Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987). While the IACA precludes claims under the FTCA for work-related injuries sustained by inmates doing their prison jobs, it also extends to negligent treatment of those injuries. See Cook v. United States, Nos. 0:11-320-RMG-PJG, 0:12-216-MGL-PJG, 2012 WL 5385638, at *3 (D.S.C. Sept. 28, 2012), adopting R&R, 2012 WL 5383395 (Nov. 1, 2012), aff'd, 530 F. App'x 217 (4th Cir. Jun. 20, 2013) (unpublished); see also, Vander v. U.S. Dept. of Justice, 268 F.3d 661, 664 (9th Cir. 2001).

Here, plaintiff alleged that he was injured while performing his prison work assignment. See (DE 1), pp. 5-7). Thus, the IACA bars his FTCA claims, and the court lacks subject matter jurisdiction over his FTCA claims.[1]

---

[1] To the extent that plaintiff seeks declaratory or injunctive relief, the court lacks subject matter jurisdiction under the FTCA to provide such relief. See Ford v. US Government, No. 5:22-CV-00156-M, 2022 WL 18028289, at *3 n. 3 (E.D.N.C. Nov. 28, 2022), adopting R&R, 2022 WL 18028280 (Dec. 30, 2022) (citations omitted).

## CONCLUSION

In summary, defendants' unopposed motion to dismiss for lack of subject matter jurisdiction (DE 18) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED this __29th__ day of April, 2026.

RICHARD E. MYERS II
Chief United States District Judge

6